IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL E. MCKINZY, SR.            ) | |
|                                 ) | |
|      Plaintiff,                      ) | |
|                                 ) | |
| v.                                                  ) | Case No. 07-0453-CV-W-NKL |
|                                 ) | |
| UNION PACIFIC RAILROAD,      ) | |
|                                 ) | |
|      Defendant.                  ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1]. For the following reasons, Plaintiff's motion is granted.

Pursuant to 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. The statute specifically provides that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under § 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious. 28 U.S.C. § 1915(e)(2); *see also Martin-Trigona*, 691 F.2d at 857.

1

The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the court's process. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also* Local Rule 83.7.

Plaintiff has provided this Court with an affidavit revealing his financial standing. Plaintiff is unemployed and has only one asset, which is valued at $300. Plaintiff has no cash on hand; and he has significant monthly child support and spousal support obligations. The Court concludes that Plaintiff could not pay the fees and costs of his lawsuit without forgoing the basic necessities of life. Therefore, the Court concludes that Plaintiff has satisfied the first prong.

The second prong of the *Martin-Trigona* test requires that the Court determine that an applicant's claims are not frivolous or malicious under section 1915(e)(2). This decision should be made prior to the issuance of process. *In re Funkhouser*, 873 F.2d 1076, 1077 (8th Cir. 1989). An action is frivolous within the meaning of section 1915(e)(2) if the court determines that "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's Complaint seeks compensation for discriminatory failure to hire in violation of Title VII. Based upon the information

2

Case 4:07-cv-00453-DGK   Document 3   Filed 07/31/07   Page 2 of 4

currently before the Court, there is no indication that this is a "frivolous or malicious" suit.

Because Plaintiff has demonstrated that he satisfies section 1915's poverty requirement, and his suit appears to be non-frivolous, his Motion for Leave to File *In Forma Pauperis* is granted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1] is GRANTED, subject, however, to further consideration by the Court upon a showing that the allegation of poverty is untrue, or that the claim is frivolous under 28 U.S.C. § 1915.

2. Because this case is included in the Case Management/Electronic Case Filing (CM/ECF) system, and Plaintiff is proceeding pro se, the Clerk's office is responsible for electronically filing the complaint as of the date of this order, and

3. The Clerk of Court shall forward appropriate process forms to Plaintiff, and

4. Within twenty days, Plaintiff shall return the completed summons and service forms to the Clerk's office showing the address where Union Pacific Railroad may be served, and

5. The Clerk of the Court is directed to issue summons and process and deliver same to the United States Marshal for service upon Union Pacific Railroad, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 31, 2007
Jefferson City, Missouri